# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**TOREY CORTEZ SMITH, # 136527**                                                **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO. 3:17cv629-CWR-FKB**

**MANAGEMENT AND TRAINING**
**CORPORATION, et al.**                                                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This matter is before the Court sua sponte. Pro se Plaintiff Torey Cortez Smith is incarcerated with the Mississippi Department of Corrections ("MDOC"), and he brings this action under 42 U.S.C. § 1983, challenging the conditions of his confinement. The Court has considered and liberally construed the pleadings. As set forth below, Defendants MDOC, State of Mississippi, Sergeant Lisa Everett, and East Mississippi Correctional Facility ("EMCF") are dismissed.

## BACKGROUND

Smith filed this action on July 26, 2017. At the time, he was incarcerated at EMCF. It is a private prison run by Defendant Management and Training Corporation ("MTC") on behalf of Defendant MDOC. Defendants Sergeants Lisa Everett and Traylor, Warden Frank Shaw, Officer Walker, and Sergeant Dukes are employed at that prison. Besides these Defendants, Smith also sues the State of Mississippi and EMCF. Generally, Smith complains of an attack by another inmate, alleged excessive force, retaliation, denial of medical treatment, and alleged harassment.

Smith first alleges that, on May 15, 2017, Officer Walker allowed an inmate onto Smith's housing zone, even though that inmate had previously been kicked off the zone. The inmate allegedly punched Smith and chased him around the zone with a knife. Sergeant Dukes is said to have seen that the inmate had a knife.

Next, Smith contends that on May 31, 2017, he asked Sergeant Traylor if he could be moved because of problems with another inmate. Traylor ordered Smith to move from the zone door, and when he would not, Traylor allegedly responded by throwing Smith to the floor and choking him. Plaintiff maintains that he was not being combative. He also alleges that Traylor wrote him a Rule Violation Report when Smith reported the incident to a nurse.

Besides the alleged physical force, on June 18, 2017, Smith claims that Sergeant Everett discriminated against his sexuality by making "hateful" remarks to him. (Resp. at 1). These include unspecified jokes about his sex, "I hate your kind. . . . My son isn't like you," "You get on my nerves," and, "You[']r[e] messy, and I hate you." (Notice of Lis Pendens at 5); (Compl. at 5). Smith also contends that she has retaliated against him for having filed a grievance against her about this. Specifically, he contends she told him she had "nothing for" him and was "going to get" him. *Id.*

Finally, Smith alleges that he was being denied medical treatment for a chronic health issue. He claims he was told that he could not get treatment because of the cost.

Smith brings this action under § 1983. He sues MTC under a theory of respondeat superior. It is not clear if he also asserts a direct claim of denial of medical care against MTC. He also asserts claims for failure to protect, excessive force, and retaliation. Warden Shaw is said to have "upheld" these alleged wrongs. (Resp. at 1).

**DISCUSSION**

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Smith to proceed *in forma pauperis* in this action. The Complaint is subject to *sua sponte* dismissal under § 1915.

Smith brings this action under § 1983 for declaratory, injunctive, and monetary relief. Among others, he sues MDOC, the State, Sergeant Lisa Everett, and EMCF.

<u>MDOC AND THE STATE</u>

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. The State of Mississippi is not amenable to suit under this statute, because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70. MDOC is considered an arm of the State of Mississippi. Miss. Code Ann. § 47-5-1; *Scott v. Miss. Dep't of Corrs.*, No.

3

2:05cv2159-KS-JMR, 2006 U.S. Dist. LEXIS 43683 at *2 (S.D. Miss. June 12, 2006). Therefore, MDOC and the State are dismissed with prejudice.

SERGEANT EVERETT

Next, Sergeant Everett is accused of making hateful remarks about Plaintiff's sexuality and retaliating against him for filing a grievance, by saying, "I don't have nothing for you[.] I'm going [to] get you." (Compl. at 5). This is the extent of the allegations, despite Smith being given an opportunity to plead more.

As to Smith's claim that Everett used hateful remarks against him, even threatening language accompanied by threatening gestures by a prison official does not amount to a constitutional violation. *McFadden v. Lucas*, 713 F.2d 143, at 146 (5th Cir. 1983). Therefore, the hurtful remarks, standing alone, cannot support a claim and are subject to sua sponte dismissal. *Id.* at 146-47.

On the other hand, "[t]o prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). An adverse act is one that is "capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006). A "prison official's mere use of threatening language, without more, does not constitute a retaliatory adverse act." *Hudson v. Univ. of Tex. Med. Branch*, 441 F. App'x 291, 293 (5th Cir. Sept. 20, 2011).

Smith alleges no adverse act. At most he pleads that, in late June of 2017, Everett merely threatened to retaliate. Moreover, Smith has since been transferred away from the prison where she works. The retaliation claim against Everett is frivolous.

4

EMCF

The Court finally examines the claims brought against EMCF. It is the prison that MTC operates in Meridian, Mississippi. These two Defendants are therefore one and the same. Furthermore, although a corporation operating a private prison may be held liable under 42 U.S.C. § 1983 in limited circumstances, the prison itself is not a separate legal entity amenable to suit under § 1983. *See generally Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003). Accordingly, EMCF will be dismissed without prejudice as redundant. Smith's allegations against EMCF will be considered allegations against MTC.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the claims against Defendants Mississippi Department of Corrections, State of Mississippi, and Sergeant Lisa Everett should be, and are hereby, **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim against them upon which relief could be granted.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant East Mississippi Correctional Facility is **DISMISSED WITHOUT PREJUDICE**. The remainder of this case shall proceed.

**SO ORDERED AND ADJUDGED**, this the 3rd day of November, 2017.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE