IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TOREY CORTEZ SMITH, # 136527                                                       PLAINTIFF

vs.                                                           CIVIL ACTION NO. 3:17-cv-629-FKB

SERGEANT LONNIE TRAYLOR                                            DEFENDANT

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF
MOTION TO RECONSIDER ORDER ON SUMMARY JUDGMENT**

COMES NOW Defendant Sgt. Lonnie Traylor, by counsel and pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and files this Memorandum of Authorities in support of his Motion to Reconsider Order [67] on Summary Judgment, as follows:

**INTRODUCTION**

Plaintiff's claims against Sgt. Lonnie Traylor arise out of an incident occurring on May 31, 2017, in which Plaintiff accuses Traylor of using excessive force against him. Plaintiff concedes he initiated contact with Traylor as he attempted to force his way out of his assigned housing unit by pushing past Traylor. *See* Omnibus Hearing Transcript, Doc. [65-1], at 14-15. Nonetheless, the Court denied Traylor's Motion for Summary Judgment [65] after finding a genuine issue of material fact as to the "degree of force" used by Traylor during the subject incident:

> The parties largely agree as to what caused the use of force by Traylor against Smith. However, they disagree as to the degree of force Traylor used. While Traylor contends that he only used the force necessary to subdue Smith (what he describes as a "soft empty hands technique"), Smith contends that Traylor threw him down and choked him. This creates a genuine issue of fact and precludes summary judgment. Accordingly, Smith's excessive force claim against Traylor will proceed to trial.

*See* Order [67], at 7.

{D1287316.1}

However, the Court respectfully failed to address the requirement under 42 U.S.C. § 1997e(e) and controlling Fifth Circuit precedent that a plaintiff must demonstrate that he suffered more than a *de minimus* physical injury to establish a claim for excessive force and recover damages under the Eighth Amendment. The record before the Court clearly demonstrates that Plaintiff has failed to meet his burden in that regard.

Due to this error of law and to prevent manifest injustice, this Defendant respectfully requests the Court to reconsider its ruling and to grant his Motion for Summary Judgment as to Plaintiff's claims against him.

## LAW AND ARGUMENT

### A.     Rule 59(e) Standard

When a Motion for Reconsideration is filed, the time of filing determines whether the Court considers the motion under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). If a Motion for Reconsideration is filed "no later than 28 days after the entry of the judgment," then it is considered as a Motion to Alter or Amend a Judgment under Rule 59(e). F.R.C.P. 59(e); *See Lavespere*, 910 F.2d at 173. "A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C. v. Tunica County*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008).

### B. Plaintiff has failed to demonstrate he suffered more than a *de minimis* physical injury as a result of Sgt. Traylor's use of force against him

"It is well-established in [the Fifth Circuit] that, to support an Eighth Amendment excessive force claim, a prisoner must have suffered from the excessive force more than *de minimis* physical injury." *Mosley v. White*, 464 Fed. Appx. 206, 212 (5th Cir. 2010). *See also Siglar v. Hightower*, 112 F.3d 191, 193-194 (5th Cir. 1997) (holding that prisoner must show more than a "*de minimus*" physical injury to establish an Eighth Amendment violation, though the injury need not be "significant"); *Galada v. Gatson-Riley*, 2010 WL 3120069, *14 (June 24, 2010) ("A *pro se* prisoner plaintiff in a case filed under 42 U.S.C. § 1983 must allege more than a *de minimis* physical injury to state a claim for physical or emotional damages, regardless of the nature of the claim."); 42 U.S.C. § 1997e(e) (prisoner cannot recover monetary damages for mental or emotional distress under the Prison Litigation Reform Act without a prior showing of a physical injury).

"Without an allegation of a more than *de minimis* physical injury, a prisoner plaintiff's complaint lacks any merit." *Trotter v. Grimes*, 2013 WL 1980257, at *2 (S.D. Miss. May 13, 2013) (Hon. F. Keith Ball) (citing *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999)).

Courts in this circuit have previously given the following description of what a prisoner plaintiff must prove to establish he suffered more than a *de minimus* physical injury:

> [T]he physical injury had to be an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks. Injuries for which free world individuals would not seek emergency room or other professional medical care are not significant. An injury that normal people treat with over-the-counter drugs, heating pads, rest, etc. do not fall within the parameters of 1997e(e).

*Whitney v. Taylor*, 2007 WL 2254348, at *4 (N.D. Miss. 2007) (citing *Luong v. Hatt*, 979 F. Supp. 481, 486 (N.D. Tex. 1997) (holding that cuts, bruises, abrasions lasting only two or three days do not rise to the level of constitutional injury); *Malone v. Tuten*, 2017 WL 5560430, *3 (W.D. La. Sept. 18, 2017) (holding that scraped knee and pain on right side of plaintiff's body due to being pushed to ground by transport officer was *de minimis* under § 1997e(e)).

In *Mosley,* the Fifth Circuit ruled that the prisoner plaintiff's alleged injuries resulting from a correctional officer's use of force against him – momentary blindness, cuts and abrasions in and around the eye, and an infected eye – were not constitutionally cognizable. *Mosley*, 464 Fed. Appx. at 213. The court noted that plaintiff had failed to present any evidence that he had sought or required any treatment for his alleged injuries, and the plaintiff's conclusory allegations, speculation, and unsubstantiated assertions were inadequate to defeat summary judgment. *Id*.

In *Siglar*, the prisoner plaintiff alleged that a guard stopped him in the hall of his prison unit while returning from breakfast. *Siglar*, 112 F.3d at 193. The guard directed the prisoner to face the wall while she searched him. *Id*. She found a biscuit in his jacket pocket and called for backup. *Id*. The backup officer then, "[w]ithout provocation, ... twisted Siglar's arm behind his back and twisted Siglar's ear." *Id*. "Siglar's ear was bruised and sore for three days but he did not seek or receive medical treatment for any physical injury resulting from the incident." *Id*. There was no evidence in the record that Siglar sought or received medical treatment for his injuries or that he suffered from a long-term injury. *Id*. Therefore, the Fifth Circuit affirmed the dismissal of Siglar's complaint as frivolous, concluding that his bruised ear, lasting for three days, was *de minimis* and that it was not a "physical injury" as contemplated by § 1997e(e). *Id*., at 193–94.

In *Whitney*, the prisoner plaintiff's excessive force claim against the defendant correctional officer was dismissed because the bruises to plaintiff's knees did not constitute more than a *de minimis* physical injury as contemplated by § 1997e(e). *Whitney*, 2007 WL 2254348, at *4. In *Trotter*, this Court held that the prisoner plaintiff's injured eye, which healed in two or three days, and his skin injuries, which healed with ointment, were *de minimis* and did not rise to the level of a constitutional violation. *Trotter*, 2013 WL 1980257, at *2.

In the present action, Plaintiff was taken to the EMCF medical department for evaluation after his encounter with Sgt. Traylor, where the nurse documented the following: "**Injuries reported, but no sign or symptom of injury noted. No bruising, redness, cuts, or edema noted.**" *See* Medical Record Excerpts, Doc. [65-2], at 9 (emphasis added). Specifically, the nurse found no evidence of any bruises or other injuries to any of the parts of Plaintiff's body that he described as being impacted in the subject incident. *Id.*, at 10.

The Court noted in its Order [67] that Plaintiff testified at the omnibus hearing that he was "referred to the physician for … x-ray[s]," "treated for [his] side," and given "muscle relaxers" and "pain pills." *See* Doc. [65-1]. However, Plaintiff's assertion in that regard is contradicted by his own medical records [Doc. 65-2] and is completely unsubstantiated.

In fact, Plaintiff never responded to this Defendant's Motion for Summary Judgment, nor has Plaintiff ever produced any evidence to support his assertions regarding his alleged injuries resulting from the subject incident. As the Fifth Circuit noted in *Mosley*, Plaintiff's conclusory allegations and unsubstantiated assertions regarding his injuries and medical treatment are inadequate to establish a constitutional claim and cannot defeat summary judgment. *See Mosley*, 464 Fed. Appx. at 213.

Although unnecessary given the clear absence of any evidence in the record before the Court, this Defendant has attached hereto Plaintiff's complete medical records from the date of the subject incident involving Sgt. Traylor through the 30 days thereafter. *See* Exh. "A." Plaintiff's medical records demonstrate that after his evaluation by Nurse Hill immediately following his incident with Sgt. Traylor – at which time it was noted that Plaintiff had no visible injuries and that no treatment was indicated – Plaintiff never sought or received any medical treatment whatsoever related to this incident. *Id*. In fact, Plaintiff visited with a medical or mental health professional at EMCF on at least 12 occasions during the month following the subject incident, none of which were related to the incident involving Sgt. Traylor. *Id*.

Although the Court correctly noted in its Order [67] that a plaintiff's physical injury need not be "significant" to establish a claim for excessive force under the Eighth Amendment, the Fifth Circuit does require an injury to be "more than *de minimis*." *See, e.g., Mosley*, 464 Fed. Appx. at 212; *Siglar*, 112 F.3d at 193-194. Because there is no evidence that Plaintiff sustained more than a *de minimis* physical injury as a result of Sgt. Traylor's alleged use of force against him, Plaintiff cannot establish a cognizable claim against this Defendant under the Eighth Amendment, and Plaintiff's claim for damages is barred by 42 U.S.C. § 1997e(e).

This argument was raised by this Defendant in his Motion for Summary Judgment, but the Court mistakenly or inadvertently failed to address the same. Accordingly, this Defendant respectfully requests the Court to reconsider its Order and to grant him summary judgment as a matter of law.

## CONCLUSION

Because Plaintiff has failed to demonstrate that he suffered more than a *de minimis* physical injury as a result of Sgt. Traylor's alleged use of force against him, this Defendant respectfully requests the Court to reconsider its Order [67], grant this Defendant's Motion for Summary Judgment, and to dismiss Plaintiff's claims against him as a matter of law.

Respectfully submitted, this the 18th day of October, 2019.

                        SGT. LONNIE TRAYLOR

                        BY:    /s/ *Steven J. Griffin*
                                 OF COUNSEL

STEVEN J. GRIFFIN - BAR # 103218
sgriffin@danielcoker.com
DANIEL COKER HORTON AND BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE: (601) 969-7607
FACSIMILE: (601) 969-1116

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I hereby certify that I have mailed by United States Postal Service this document to the following non-ECF participants:

> Torey Cortez Smith
> 3527 Ridgecrest Drive
> Jackson, MS 39212

/s/ *Steven J. Griffin*