IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TOREY CORTEZ SMITH                                                    PLAINTIFF

VS.                                                      CIVIL ACTION NO.  3:17-cv-629-FKB

SERGEANT UNKNOWN
TRAYLOR                                                               DEFENDANT

## ORDER

This matter is before the Court on Defendant's Motion [69] to Dismiss for Lack of

Prosecution, Plaintiff's Motion [71] Requesting Information, and Defendant's Motion [72] for

Reconsideration.  Having reviewed and considered the motions and applicable law, the Court

finds that Defendant's Motion [69] to Dismiss should be denied as moot; Plaintiff's Motion [71]

should be granted; and Defendant's Motion [72] for Reconsideration is denied.

Defendant's Motion [69] to Dismiss for Lack of Prosecution is largely based upon

Plaintiff's failure to provide the Court with a valid mailing address.  Because Plaintiff updated

his mailing address within a week of Defendant's motion [69], the motion is denied as moot.

Plaintiff's Motion [71] Requesting Information seeks contact information for defense

counsel.  The Court observes that defense counsel's contact information has been provided in

each pleading filed on behalf of the Defendant in this case.  For the sake of clarity, however, the

Court will mail Plaintiff a copy of the first page of the docket sheet for this case, which includes

defense counsel's contact information.

Lastly, the Court reviews Defendant's Motion [72] for Reconsideration in light of *Wilkins*

*v. Gaddy*, 559 U.S. 34, 130 S. Ct. 1175 (2010), which upheld the proposition that "the use of

excessive physical force against a prisoner may constitute cruel and unusual punishment [even]

when the inmate does not suffer serious injury," 559 U.S. 34 at 34 (quoting *Hudson v. McMillan*, 503 U.S. 1, 4, 112 S. Ct. 995 (1992). Applied to the case at hand, Defendant's argument that Plaintiff's injuries do not rise above a *de minimis* standard is but one factor in the viability of Plaintiff's claims. *Id.* at 37-38. Pursuant to *Wilkins*, the extent of injury is not necessarily dispositive on the question of whether Plaintiff has endured cruel and unusual punishment in violation of the Eight Amendment: "Injury and force … are only imperfectly correlated, and it is the latter that ultimately counts." *Id.* at 38. Accordingly, Defendant's Motion [72] for Reconsideration is denied.

SO ORDERED AND ADJDUGED, this the 14th day of November, 2019.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE